IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Teresa Doherty, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 0:14-4013-TLW |
| ) | |
| PNC Mortgage, A Division of ) | |
| PNC Bank, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

# ORDER

The Plaintiff, Teresa Doherty ("Plaintiff"), brought this civil action, proceeding pro se, on October 15, 2014 against the Defendant, PNC Mortgage, a division of PNC Bank ("Defendant"), alleging various claims of fraud and violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c), 1692d, 1692e, and 1692g. (Doc. #1). The Defendant filed a motion to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) on January 13, 2015. (Doc. #21). The Plaintiff filed a response to the motion on February 17, 2015 (Doc. #25), to which the Defendant replied on February 27, 2015 (Doc. #26).

This matter now comes before the Court for review of the Report and Recommendation ("the Report") filed on July 16, 2015 by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. (Doc. #28). In the Report, the Magistrate Judge recommends that the District Court grant the Defendant's motion to dismiss (Doc. #21) as to all claims. The Plaintiff filed Objections to the Report on August 3, 2015. (Doc. #30). The Defendant replied to the Plaintiff's Objections on August 20, 2015. (Doc. #31).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and Recommendation and the Objections thereto, as well as all other relevant filings, motions, and memoranda. After careful consideration, the Report and Recommendation (Doc. #28) is **ACCEPTED IN PART**.

More specifically, the Court **DENIES** the Defendant's motion to dismiss only as to the claim for alleged violations of the Fair Debt Collection Practices Act. After careful consideration, the Court concludes that the Plaintiff's pro se Complaint presents sufficient alleged facts with regard to the FDCPA cause of action to meet the basic pleading requirements of Rule 8(a). At this early stage of the proceeding, and in liberally construing the Complaint, the Court is constrained to conclude that it cannot find, based on the pleadings alone, that the Plaintiff has failed to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

The Defendant argues in its motion to dismiss that the FDCPA claim should be dismissed because the Defendant is not a "debt collector" within the meaning of the Act, but instead is a

"creditor" and is therefore not subject to the FDCPA. The Plaintiff counters that the Defendant does qualify as a debt collector. After careful review, the Court finds that the Plaintiff has presented sufficient factual allegations in the Complaint to support the plausible inference that the Defendant may be a debt collector under the Act. Further, the Court concludes that the question of the Defendant's status under the Act requires additional factual development as the pleadings do not definitively answer when the Defendant acquired its interest in the note and mortgage or if the Defendant qualified as either the mortgagee or mortgage servicing company prior to the time of default. See Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified on other grounds, 761 F.2d 237 (5th Cir. 1985) (stating that "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned"). Thus, the Defendant's motion to dismiss (Doc. #21) is denied with regard to the Plaintiff's FDCPA cause of action.

After careful consideration, the Report and Recommendation is accepted as to all of the Plaintiff's other causes of action. For the reasons articulated by the Magistrate Judge, the Court **GRANTS** the Defendant's motion to dismiss (Doc. #21) with regard to all other claims in the Complaint. Accordingly, the single claim remaining in this action is under the FDCPA.

**IT IS ORDERED** that the Defendant's Motion to Dismiss (Doc. #21) be **GRANTED IN PART** and **DENIED IN PART.** In light of the foregoing, this matter shall be recommitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

    s/ Terry L. Wooten  
TERRY L. WOOTEN  
Chief United States District Judge

August 21, 2015  
Columbia, South Carolina